This is an action commenced in this court by the relator, George W. Vocke, against the village of Brooklyn Heights, in Cuyahoga County, the mayor, the clerk, the treasurer, and the councilmen of the village, in which the relator is seeking to collect from the village a salary claimed to be due him as justice of the peace for the years 1928 and 1929.
He asks this court to issue in his favor a writ of mandamus commanding the officials of the village to take the necessary official action to bring into the village treasury the funds necessary to pay his salary due for the period stated, and then to issue to him the proper warrants on which to draw from the village treasury the amount claimed.
The village defends on two grounds: First, that the petition does not state a cause of action; and, second, that the issue presented has been fully and completely adjudicated in an earlier action between *Page 312 
the same parties in the court of common pleas of Cuyahoga county.
The issue arises by reason of the following facts, that are not in dispute, that is to say, the relator was duly elected and qualified for the term of four years as justice of the peace in and for Brooklyn Heights township. Thereafter the boundaries of Brooklyn Heights village and Brooklyn Heights township became identical. Thereupon the council of the village enacted an ordinance fixing the salary of the relator as such justice of the peace at $5,000 per annum, payable in equal monthly installments, and requiring the relator to pay into the treasury of the village all fees arising in connection with the discharge of his duties as such justice of the peace. The salary was paid and the fees turned in as provided by the ordinance up to the time that the territorial boundary lines ceased to remain identical.
The boundary lines became changed by reason of the fact that the village adjoined the city of Cleveland, and there was duly and legally effected the detaching of about two-thirds of all the territory embraced within the village boundaries and the annexing of the same to the city of Cleveland. At the time this was done, there was also a division made, of the funds of the village, both those on hand and those in process of collection, and the village paid over to the city of Cleveland the portion so assigned to be paid by the village.
The detachment and annexation of territory as stated left the village only about one-third in value of its former taxable property. At the time the changes were made the relator resided in that part of the village so detached and annexed, and he has *Page 313 
ever since continued to reside there, and now resides within the city of Cleveland and within the jurisdiction of the municipal court of the city of Cleveland. This fact is not important, however, in determining the issue here presented.
Soon after the detachment and annexation of territory, as stated, the village ceased to pay the relator the salary mentioned in the ordinance, and ceased to collect the fees arising from litigations pending before the relator as such justice of the peace, and notified the relator that the village would no longer levy a tax on its remaining taxable territory from which to pay his salary mentioned in the ordinance.
Thereupon the relator commenced an action in the court of common pleas of Cuyahoga county against these same defendants, in which he sought the same relief which he seeks here, and endeavored to secure a writ of mandamus the same as he seeks here. The defendants demurred for want of sufficient facts in the petition to constitute a cause of action, and this demurrer was sustained. The relator failed to amend. Later the court dismissed his case without prejudice; then the relator brought this action in this court.
The relator insists that by virtue of the provisions of Section 3512, General Code, the ordinance passed by the village constitutes a binding contract in his favor, and that it covers the remainder of his term — the years 1928 and 1929.
The relator did not become an employee of the village, nor was his state office as justice of the peace extinguished by the enactment of the ordinance or the provisions of Section 3512, General *Page 314 
Code. If the reasons assigned by the relator for the recovery he seeks are sound, then if nine-tenths of the territory of the village had been detached and annexed, as stated, still the relator would have the right by virtue of the ordinance to collect from the village the full compensation named in the ordinance; and, by the same reasoning, if all the territory of the village had been annexed to the city of Cleveland the village would still be liable to the relator for his salary to the end of his term. It would seem that the mere statement of such a proposition answers itself. The ordinance was proper when the boundaries of the village and the township became identical, and could only continue so long as they remained identical. When the boundaries changed by operation of law, so they were no longer identical, then the provisions of Section 3512, General Code, were no longer operative to affect the office of the relator or the compensation incident thereto.
The status of the parties toward each other has been so changed by the detaching and annexing of territory, as stated, that no court would render a decree commanding specific performance of the contract, if the ordinance were held to constitute a contract between the parties. If specific performance would not be decreed, then manifestly the same result cannot be accomplished by a writ of mandamus. A writ of mandamus will not issue against public officials unless the relator shows a clear right to the relief prayed for. This proposition is thoroughly settled in Ohio. State, ex rel.Gallinger, Pros. Atty., v. Smith, Aud., 71 Ohio St. 13,72 N.E. 300.
The respondents are clearly entitled to judgment *Page 315 
in their favor on the pleadings. The petition must be dismissed and the writ denied.
Writ denied.
MARSHALL, C.J., KINKADE, ROBINSON, JONES, MATTHIAS, DAY and ALLEN, JJ., concur.