Taft, J.
Relator contends that, where a petition seeking detachment of an area from a village and its erection into a new township has been filed with a board of elections pursuant to Section 3577-1, General Code, it is not the duty of that board, in determining whether the petition “conforms to the requirements” of that statute, to determine whether the area seeking detachment is in fact contiguous to an adjoining township.
However, the words of the statute give the right to file such a petition only to “inhabitants residing within any portion of a village, such portion being contiguous to an adjoining township.” If the inhabitants of a portion of a village filing such a petition are not *168 inhabitants of a “portion * * * contiguous to an adjoining township,” the statute does not provide for them. Such inhabitants are not authorized to file such a petition with the board. If they do, the board is certainly not under any duty to act with reference to the petition. At the outset, therefore, the board must, in order to determine whether there is any authority for filing the petition, determine whether the portion of the village sought to be detached is contiguous to some adjoining township.
Relator next contends that, even after the corporate limits of a village become identical with those of a township, the township may be considered an “adjoining township” within the meaning of those words as set forth in the first sentence of Section 3577-1, General Code. The words of Section 3512, General Code, and especially of the last sentence of that section demonstrate the fallacy of any such contention. See McGill v. State, 34 Ohio St., 228, 251. If, as the words of that section state, “when the corporate limits of a * * * village become identical with those of a township, * * * all rights, interests or claims in favor of or against the township may be enforced by or against the corporation [the village],” then it necessarily follows that such township ceases to have as a township any such “rights, interests or claims.” It no longer is able to enjoy or exercise “the rights and privileges conferred upon it by law.” See Section 3244, General Code. It can hardly be said that it is, under the latter statute, any longer “a body politic and corporate,” since, as the statute states, the only “purpose” of having it as such is for “enjoying and exercising” such rights and privileges.
A contrary conclusion might be suggested by a possible interpretation of the language of Section 3249, General Code, standing alone. However, when the *169 words of that section are read with the words of Sections 3244 and 3512, G-eneral Code, it becomes apparent that any new township, erected out of the portion of township territory included within the limits of a municipal corporation, thereupon ceases, by reason of the provisions of the latter two sections, to have any existence as a township. This conclusion is further fortified by the language of Section 3250-1, G-eneral Code (“upon the erection of such new township the territory lying within the limits of the city or cities in the original township shall be considered as not being located in any township”), and Section 3251, General Code (“the township in which the corporation or the greater part of it was before situated”). As relator points out, the provisions of Section 3250-1, General Code, do relate only to cities and not to villages. However, they certainly represent an expression of the legislative understanding as to what happens to a township after the corporate limits of a municipal corporation become identical with those of a township.
Relator relies upon State, ex rel. Vocke, v. Village of Brooklyn Heights, 122 Ohio St., 311, 171 N. E., 404. However, that ease did not relate to the continued existence of a township but only to the continued existence of the former township and the continuing state office of justice of the peace, as specifically provided for by the provisions of Section 3512, General Code.
In providing, in Section 3577-1, General Code, for the detachment of a portion of a village only where such portion was “contiguous to an adjoining township,” the General Assembly may well have had in mind the desirability of avoiding the re-creation of township government except in an area where such township government was already in existence. It is not for this court to question the wisdom of that judgment of the General Assembly. It is sufficient that it *170 appears that there was a reasonable basis for that judgment.
Our conclusion is that the demurrer of respondent should be sustained and the writ denied.

Writ denied.

Weygandt, C. J., Middleton, Hart, Zimmerman and Stewart, JJ., concur.
Matthias, J., not participating.